Filed 5/15/25  P. v. Mora CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B336219 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA111059) |
| v. | |
| JULIAN JOSEPH MORA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Margaret M. Bernal, Judge.  Affirmed with directions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri, Supervising Deputy Attorney General, and Roberta L. Davis, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION

In 2010 Julian Joseph Mora pleaded no contest to attempted murder and admitted he personally used a firearm and inflicted great bodily injury.  In 2023 Mora filed a petition for resentencing under Penal Code section 1172.6.[1]  The superior court ruled Mora did not state a prima facie case for relief and denied the petition without issuing an order to show cause.  Mora argues the superior court erred in relying on testimony from the preliminary hearing.  Pursuant to *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*) we direct the superior court to allow Mora to file an amended petition.  Otherwise, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.   *Mora Shoots a Man in a Parking Lot, Pleads Guilty to Attempted Murder, and Admits Certain Allegations*

According to the testimony at the preliminary hearing, which under *Patton, supra*, 17 Cal.5th 549 the superior court can consider in determining whether a petitioner has made a prima facie showing for relief under section 1172.6 (*Patton*, at p. 560), one evening in April 2009 Luis Perez and Gabriela Fraile were sitting in Perez's truck outside a bowling alley.  Perez was sitting in the driver's seat, and Fraile was in the passenger seat.  Perez was hit multiple times by shots that came from the area near the front bumper of Perez's truck and in through the driver's side window.  Perez survived, but had several bullet wounds and a broken clavicle that required him to wear a sling for two months.

---

[1]   Statutory references are to the Penal Code.

2

Fraile was uninjured, though a piece of broken glass hit her head. Neither Perez nor Fraile saw who fired the shots.

A security guard in the parking lot was standing four or five feet from the passenger side of Perez's truck and saw Perez and Fraile sitting in it. The guard saw Mora approach the truck, take out a weapon, and start shooting into the driver's side of the truck. The guard heard six or seven shots and saw Mora run away across the parking lot. The guard identified Mora in a six-pack photographic lineup and at the preliminary hearing.

A detective testified he reviewed a surveillance video that showed a car follow Perez's truck into the parking lot, circle the lot, let someone out of the passenger side door, and leave the parking lot. The video showed the passenger, Mora, walked up to the driver's side of Perez's truck, stood approximately 15 to 20 feet away, and extended his right arm toward the truck. The detective said he saw a "muzzle flash" on the video when the shooter raised his arm.

A week later the detective saw the car he had seen in the surveillance video, this time parked in a driveway and blocking the sidewalk. Mora was standing next to the car. Several weeks later, after the detective advised Mora of, and Mora agreed to waive, his rights under *Miranda v. Arizona* (1966) 384 U.S. 436, the detective spoke with Mora. Mora said Perez had been involved in several shootings, including one involving Mora's cousin. Mora told the detective that, on the night of the shooting in the bowling alley parking lot, he walked up to Perez's truck, fired shots into the truck from a handgun, and ran away.

In September 2010 Mora pleaded no contest to attempted murder. He also admitted allegations that he personally used a firearm, within the meaning of section 12022.53, subdivision (b),

and that he inflicted great bodily injury upon Perez, within the meaning of section 12022.7, subdivision (a).  The trial court sentenced Mora to the middle term of seven years, plus 10 years for the firearm enhancement and three years for the great-bodily-injury enhancement, for an aggregate prison sentence of 20 years.

B.    *The Superior Court Denies Mora's Petition for Resentencing Under Section 1172.6*

In 2023 Mora filed a petition for resentencing under section 1172.6, checking boxes on a form petition stating he was eligible for relief and asking the court to appoint counsel to represent him.  The superior court appointed counsel, and the People filed an opposition to the petition.  The People attached the transcript of the preliminary hearing and argued Mora was ineligible for relief "as the actual perpetrator who acted with actual malice."  Citing the testimony at the preliminary hearing, the People argued that they prosecuted Mora as the actual killer and that "[a]t no point during the investigation of this case, or during the preliminary hearing, was any evidence uncovered, produced or presented of any other shooters or actors" other than Mora.

After taking the matter under submission, the superior court denied the petition without issuing an order to show cause, ruling Mora was ineligible for relief as a matter of law.  The court stated:  "The crime of attempted murder by way of a shooting was carried out by one person and [Mora] was identified as the shooter by the victim in the preliminary hearing.[2]  Further [Mora] entered a no contest plea to the charge of attempt[ed]

---

[2]    It was actually the security guard, not the victim, who identified Mora as the shooter.

4

murder and admitted, per [section] 12022.53, that he personally used a firearm.  To make this determination the court has reviewed the entire record of conviction, including the petition for resentencing, the People's response to the petition, the preliminary hearing transcript, and the plea and sentencing transcript."  The court ruled:  "Based upon all these factors, the court finds that [Mora] does not qualify for resentencing under [section] 1172.6 as a matter of law and the court denies his petition at the prima facie stage."  Mora timely appealed.

## DISCUSSION

A.    *Applicable Law and Standard of Review*

Effective 2019, the Legislature substantially modified the law governing accomplice liability for murder by eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder and significantly narrowing the felony-murder exception to the malice requirement for murder. (*Patton, supra*, 17 Cal.5th at p. 558; *People v. Arellano* (2024) 16 Cal.5th 457, 467-468; *People v. Curiel* (2023) 15 Cal.5th 433, 448-449; see *People v. Strong* (2022) 13 Cal.5th 698, 707-708 [felony murder]; *People v. Gentile* (2020) 10 Cal.5th 830, 842-843 [natural and probable consequences].)  Section 188, subdivision (a)(3), now prohibits imputing malice based solely on a person's participation in a crime and requires proof of malice to convict a defendant of murder, except under the revised felony-murder rule.  (§§ 188, subd. (a)(3), 189, subd. (e); *Patton*, at p. 558; *Arellano*, at pp. 467-468; *Curiel*, at p. 448.)  Effective 2022, the Legislature amended section 1172.6 to apply to persons convicted of "attempted murder under the natural and probable

5

consequences doctrine." (§ 1172.6, subd. (a); see *Patton*, at p. 558; *People v. Delgadillo* (2022) 14 Cal.5th 216, 223, fn. 3; *People v. Rodriguez* (2024) 103 Cal.App.5th 451, 457.)

Section 1172.6 authorizes a person convicted of felony murder, murder under the natural and probable consequences doctrine, or attempted murder under the natural and probable consequences doctrine, to petition the superior court to vacate the conviction and resentence the defendant on any remaining counts if he or she could not now be convicted of murder or attempted murder because of the legislative changes to the definitions of murder. (See *People v. Arellano*, *supra*, 16 Cal.5th at pp. 468-469; *People v. Curiel*, *supra*, 15 Cal.5th at pp. 449-450.) If a section 1172.6 petition contains all the required information, the court must appoint counsel to represent the petitioner if requested. (§ 1172.6, subd. (b)(1)(A), (b)(3); *Patton*, *supra*, 17 Cal.5th at p. 563; *People v. Lewis* (2021) 11 Cal.5th 952, 962-963.) The People must file a response to the petition, the petitioner may file a reply, and the court must hold a hearing to determine whether the petitioner has made a prima facie showing he or she is entitled to relief. (§ 1172.6, subd. (c); *Patton*, at p. 556.)

In deciding whether a petitioner has made a prima facie showing for relief under section 1172.6, the court "looks beyond the face of the petition." (*Patton*, *supra*, 17 Cal.5th at p. 563.) The court may consider the record of conviction, including "the preliminary hearing transcript preceding a guilty plea" (*id.* at p. 568), which will "necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*People v. Lewis*, *supra*, 11 Cal.5th at p. 971;

see *Patton*, at p. 563; *People v. Curiel, supra*, 15 Cal.5th at pp. 463-464.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Lewis*, at p. 972; see *Patton*, at p. 563.) "At the prima facie stage, a court must accept as true a petitioner's allegation that he or she could not currently be convicted of a homicide offense because of changes to section 188 or 189 made effective January 1, 2019, unless the allegation is refuted by the record." (*Curiel*, at p. 463.) If "'the defendant has made a prima facie showing of entitlement to relief, "the court shall issue an order to show cause."'" (*People v. Arellano, supra*, 16 Cal.5th at p. 469.) "We apply de novo review on appeal from the court's denial of a petition for resentencing at the prima facie stage, including its determination that the record of conviction establishes the petitioner is not entitled to resentencing as a matter of law." (*People v. Jackson* (2025) 110 Cal.App.5th 128, 145; see *People v. Bodely* (2023) 95 Cal.App.5th 1193, 1200.)

  B. *The Superior Court Did Not Err in Denying Mora's Petition, but Under* Patton *Mora Should Be Allowed To Amend His Petition To Plead Additional Facts*

Where the record of conviction establishes a defendant convicted of attempted murder was the actual perpetrator, the defendant is ineligible for relief under section 1172.6 as a matter of law. (*People v. Muhammad* (2024) 107 Cal.App.5th 268, 282, review granted Feb. 19, 2025, S288860; *People v. Bodely, supra*, 95 Cal.App.5th at p. 1201; *People v. Hurtado* (2023) 89 Cal.App.5th 887, 893.) Here, all the evidence at the preliminary hearing pointed to Mora as the actual and only

shooter.  The security guard identified Mora (twice) as the shooter, and Mora admitted to the detective that he was the shooter.  As was the case in *Patton*, an officer "recounted watching surveillance video" (*Patton*, *supra*, 17 Cal.5th at p. 557) that showed Mora was the shooter.  And as was the case in *Patton*, Mora "proffered a declaration with checkbox allegations of entitlement to relief" and relied "solely on the same checkbox allegations . . . to also make a prima facie showing."  (*Id.* at p. 556.)  In these circumstances, to avoid summary denial of the petition under section 1172.6 the defendant must allege "specific facts that identify someone else as the direct perpetrator." (*Patton*, at p. 567.)  Mora did not allege any such facts.

At least not yet.  Mora, as did the defendant in *Patton*, *supra*, 17 Cal.5th at p. 569, asks us to direct the superior court to consider an amended petition, should he "seek to file one."  That is what the Supreme Court, "out of an abundance of caution," has stated is the appropriate disposition (*ibid.*) and what we order here.

## DISPOSITION

The superior court is directed to consider an amended petition should Mora, within 30 days after this court issues its remittitur, seek to file one.  The order is otherwise affirmed.

SEGAL, Acting P. J.

We concur:

FEUER, J.

STONE, J.